THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPECIALTY CONTENTS GROUP, LLC, et al., | ) |
| *Plaintiff,* | ) No. 24 C 4415 |
| v. | ) |
| | ) Chief Judge Virginia M. Kendall |
| SERVICE247 OF ILLINOIS, INC., et al., | ) |
| *Defendant.* | ) |

## OPINION AND ORDER

This matter comes before the Court after Defendant Service247 of Illinois, Inc. ("Service247") removed a lawsuit against it and seven other Defendants[1] from the Circuit Court of Cook County, pursuant to 28 U.S.C. §1452, in May 2024. Now, Plaintiffs[2] Specialty Contents Group, L.L.C. et al. move (i) to remand the case to the state court, arguing that the Court no longer has subject matter jurisdiction, and (ii) for attorney's fees. (Dkt. 102). For the following reasons, the Court grants Plaintiffs' Motion to Remand and grants, in part, their Motion for Attorney's Fees [102].

## BACKGROUND

In March 2022, Plaintiffs brought claims, including tortious interference with contract, conversion, and civil conspiracy, among others, against Service247, along with seven other Defendants in the Circuit Court of Cook County, Illinois. (Dkt. 1 at 19–29). On March 5, 2024, one day before a court-imposed discovery deadline, Service247 petitioned for bankruptcy protection. (*Id*. at 2). Of the eight Defendants in the case, Service247 was the only one that filed

---

[1] The other seven Defendants are Service 247 of Wisconsin, Inc, Service 247 of North Texas, LLC, Service 247, Inc., Nelson Group, Inc., d/b/a Claimplus, Thomas Keffer, Elizabeth Nelson, and David Foreman.

[2] The other four Plaintiffs are Joe Schroeder Legacy, LLC, Joseph Schroeder, Paul Matthews, and John Schroeder.

1

for bankruptcy. (Dkt. 102 at 1). Because the other Defendants, who did not file for bankruptcy, failed to meet the discovery deadline, the state court judge granted Plaintiffs' motion for sanctions against those Defendants. (Dkt. 102 at 3) Pursuant to Service247's bankruptcy petition, however, the state judge stayed all claims against Service247. (*See Id*. at 11). In April 2024, Service247 filed an emergency motion to stay the state court-ordered sanctions against the other, non-debtor Defendants in the bankruptcy court for the Northern District of Texas. (*Id.* at 3–4). The bankruptcy judge advised Service247 that the bankruptcy stay only applied to the debtor and thus, the non-debtor Defendants were not protected and could be subject to sanctions. (*Id.*) As a result, Service247 withdrew its motion. (*Id.*)

Plaintiffs sought to dismiss Service247's bankruptcy claim, arguing it was "a meritless litigation tactic," which would require them to invest time and expense in filing to remand the case to state court (*Id*. at 23). The Office of the U.S. Trustee concurred, saying "the [D]ebtor ha[d] not made efforts to comply with its obligations by providing important documents" to the U.S. Trustee, even after the Government asked for them repeatedly over "several months." (*Id.* at 28). At the hearing for the motion to dismiss, the bankruptcy judge stated that "the case appear[ed] to be one large litigation tactic to delay matters and to forum shop and to help the non-debtor Defendants." (*Id.* at 86). On June 12, 2024, the bankruptcy judge dismissed Service 247's bankruptcy case. (*Id.* at 15).

Prior to the dismissal, however, on May 29, 2024, Service247, as the Debtor in a Chapter 11 proceeding, filed a notice of removal pursuant to 28 U.S.C. § 1452. (*See generally* Dkt. 1). The notice removed *all* claims—including those against the non-debtor Defendants—to the district court. (*Id*.) The removal was based solely on Service247's status as debtor in the bankruptcy proceeding under Chapter 11. (Dkt. 102 at 2). There was no other apparent basis for removal to

2

the district court pursuant to 28 U.S.C. §1441, as no federal claims are involved, and diversity of citizenship does not exist. (*Id*.) Specialty Contents Group now moves to remand the case to the state court and for attorney's fees. (*Id*. at 1).

## **DISCUSSION**

### I. Remand

The Court begins with the Motion for Remand. "[I]n conjunction with 28 U.S.C. § 1334(b)," 28 U.S.C. §1452(a), "authorizes the removal to federal district court of cases that either arise under the Bankruptcy Code or are related to cases that arise under the Code." *Matter of U.S. Brass Corp.*, 110 F.3d 1261, 1265 (7th Cir. 1997). Section 1452(a), however, does not permit wholesale removal of an entire civil action where only some of the claims arise under the Bankruptcy Code or relate to cases arising under the Code. Rather, § 1452(a) permits removal of "any *claim* or *cause of* action in a civil action" where the "district court has jurisdiction of such claim or cause of action under [§] 1334[.]" 28 U.S.C. §1452(a). Relying on these statutes, Service247 removed the entire proceeding, including claims against the seven non-debtor Defendants, to the district court. Plaintiffs argue that (i) the Court no longer has jurisdiction to hear the case under § 1334 and (ii) even if the Court has jurisdiction, it should choose to remand under § 1452's prudential considerations. (Dkt. 102 at 5–6; *see* 28 U.S.C. §§ 1334, 1452).

It is clear that "where the only basis for federal jurisdiction over a claim is that it is pendent or ancillary . . . to a federal claim" the court is "allowed to relinquish jurisdiction over the supplemental claim if the federal claim falls out of the case before judgment." *Chapman v. Currie Motors, Inc.*, 65 F.3d 78, 81 (7th Cir. 1995) (holding that the district court properly remanded a case to state court when the only basis for federal jurisdiction was a bankruptcy proceeding, which had ended); *Kelly v. Herrell*, No. 21-2442, 2022 WL 17851675, at *4 (7th Cir. Dec. 22, 2022)

3

("we note that courts may, in their discretion, dismiss adversary proceedings after the underlying bankruptcy case has ended."). Remand is appropriate because, when the sole basis for removal is a bankruptcy claim that is subsequently dismissed, there is no longer "even a remote federal interest" and thus, a district court should remand the case. *Chapman*, 65 F.3d at 82.

Here, this is precisely what occurred, and consequently, it would not make sense for the Court to exercise jurisdiction. Plaintiffs' case was pending before the state court until Service247 filed for bankruptcy and, based solely on its bankruptcy petition, removed the entire case to the district court. (*See generally* Dkt. 102). The bankruptcy case was then dismissed. (*Id*.) Now, given that the bankruptcy judge dismissed the underlying bankruptcy claim and no independent basis for federal jurisdiction exists (such as diversity or federal question under 28 U.S.C. §1441), there is no longer "even a remote federal interest" in the Court adjudicating these claims. (*See* Dkt. 102 at 15; *see generally* Dkt. 104). "[W]hen the bankruptcy proceeding is dismissed, the adversary claim (when based solely on state law) is like the cartoon character who remains momentarily suspended over a void, spinning his legs furiously, when the ground has been (quite literally) cut out from under him." 97 F.3d at 81; *see also Matter of Imp. & Mini Car Parts, Ltd., Inc.*, 97 F.3d 1454 (7th Cir. 1996). Here, the Defendants are those cartoon characters. The bankruptcy court dismissed their only ticket into federal court (the underlying adversary claims against Defendants are based on state law), and now their legs are spinning over a void. Accordingly, because there is no longer a pending bankruptcy petition and no independent basis for jurisdiction exists, the Court is inclined to remand.

Even if the bankruptcy proceeding had not been dismissed, the Court would still have discretion to remand equitably pursuant to 28 U.S.C. § 1452(b). Section 1452(b) provides that, after removal, "[t]he court to which such claim or cause of action is removed may remand such

4

claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b); *CitiMortgage, Inc. v. Davis*, No. 21-1084 (7th Cir. 2021); *Townsquare Media*, 652 F.3d at 775; *Matter of U.S. Brass Corp.*, 110 F.3d 1261, 1265 (7th Cir. 1997). For remand under § 1452(b), courts consider the following factors: (1) duplicative and uneconomical effort of judicial resources in two forums; (2) prejudice to the involuntarily removed parties; (3) *forum non conveniens;* (4) a holding that a state court is better able to respond to a suit involving questions of state law; (5) comity considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the first court." *In re Hearthside Baking Co., Inc.*, 391 B.R. 807, 818 (Bankr. N.D. Ill. 2008). The factors are to be weighed flexibly according to the circumstances of the case, and the decision regarding remand is committed to a court's discretion. *See Pio v. General Nutrition Cos.,* No. 06 C 2140, 2006 WL 3147721, at *4 (N.D.Ill. Oct.31, 2006) (citing *In re Chicago Milwaukee, St. Paul & Pac. R.R. Co.,* 6 F.3d 1184, 1189 (7th Cir.1993)).

Prudential considerations under § 1452(b) weigh heavily in favor of remanding the case to the state court. Not only is there no longer a bankruptcy proceeding pending, but the claims at issue also turn entirely on state laws. (Dkt. 1 at 199–212). With its expertise, a state court is better positioned to adjudicate Plaintiffs' allegations. This also accords with the Seventh Circuit's preference that, in situations in which the only claims left turn on state law, such questions "be decided by the state courts ... rather than by [a federal] court." *United States Brass,* 110 F.3d at 1265.

Finally, at the hearing on Plaintiffs' motion to dismiss, the bankruptcy judge characterized it as "one large litigation tactic to delay matters and to forum shop and to help the non-debtor Defendants." (Dkt. 102 at 86). The Court agrees. It seems highly plausible that the reason Service247 filed the bankruptcy petition was because it was not prepared to meet the court-ordered

5

discovery deadline. (Dkt. 102 at 3). Additionally, the day before the non-debtor Defendants response to Plaintiffs' motion for sanction was due, Service247 removed the case to federal court, which it was only able to do because of that bankruptcy petition. (*Id*. at 4). Allowing Defendant to exploit the Bankruptcy Code to forum shop is highly discouraged. *United States Brass,* 110 F.3d at 1265 ("[t]he use of the Bankruptcy Code to obtain a more favorable forum should not be encouraged."). Accordingly, Plaintiffs' Motion for Remand is granted.

## II. Attorney's Fees

Plaintiffs also seek attorney's fees for costs they incurred because of the remand. (Dkt. 102 at 1). Section 1447(c) gives the district court discretion to award payment of "just costs," including attorney's fees incurred from a removal and subsequent order of remand. 28 U.S.C. § 1447(c). "As a general rule, if, at the time the defendant filed [the removal] notice in federal court, clearly established law demonstrated that [the defendant] had no basis for removal, then a district court should award a plaintiff [its] attorneys' fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[T]he standard for awarding fees [under § 1447(c)] should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). To award attorney fees, a district court need only find that removal is "clearly improper . . . but not necessarily frivolous." *Jackson Cnty. Bank v. DuSablon*, 915 F.3d 422, 424 (7th Cir. 2019) (finding defendant lacked reasonable basis for removal where plaintiff "did not plead any federal claim nor [was] any federal question apparent on the face of [the] complaint").

Service247 removed its claims under 28 U.S.C. § 1452(a). This statute provides in pertinent part that "[a] party may remove any claims or cause of action in a civil action . . . to the district

6

court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Accordingly, removal under section 1452(a) is appropriate only if subject matter jurisdiction under section 1334 exists over the removed claims. Section 1334 provides that "the bankruptcy jurisdiction of the district courts . . . extends to 'all civil proceedings arising under title 11, or arising in or *related to* cases under title 11.' " *Matter of FedPak Sys., Inc.*, 80 F.3d 207, 213 (7th Cir. 1996) (quoting 28 U.S.C. § 1334 (b) (emphasis added). "Related to" jurisdiction requires a direct effect upon either the assets of the estate or their distribution to creditors. *FedPak*, 80 F.3d at 213–14; *see also In re Mem'l Estates, Inc.,* 950 F.2d 1364, 1368 (7th Cir.1991). Furthermore, the Seventh Circuit has "interpreted 'related to' jurisdiction narrowly 'out of respect for Article III' . . . as well as to prevent the expansion of federal jurisdiction over disputes that are best resolved by the state courts." *FedPak*, 80 F.3d at 214 (quoting *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir.1989)).

With respect to Plaintiffs claims against Service247, Service247 did have a basis to remove; or, put in terms of the §1447 standard, "clearly established law" does not demonstrate Service247 had no basis for removal of the claims against it. Service247 removed the case in May 2024, two weeks prior to the bankruptcy judge dismissing its bankruptcy case. (Dkt 102 at 4, 15). Plaintiffs' claims against Service247, which included allegations of millions of dollars in damages, would have "a direct effect upon . . . the assets of [Service247's] estate." *FedPak*, 80 F.3d at 214. Therefore, at the time Service247 removed the case, there was a proceeding "related to" the Chapter 11 petition, and Service247's removal of Plaintiffs' claims against it was proper. Accordingly, Plaintiffs are not entitled to attorney's fees with respect to Service247's removal of these claims.

7

Defendant's removal, however, of the claims against the other seven non-debtor Defendants *does* violate clearly established law. Though Defendants' raise zero substantive legal arguments in their brief response to Plaintiffs' Motion, the most plausible basis for removal under §1452 is that Plaintiffs' claims against these non-debtor Defendants also falls under the district court's "related to" bankruptcy jurisdiction. But this argument fails. "[C]ommon sense cautions against an open-ended interpretation of the 'related to' statutory language 'in a universe where everything is related to everything else.' " *Matter of FedPak Sys., Inc.*, 80 F.3d 207, 214 (7th Cir. 1996). Thus, simply because a dispute may have some type of attenuated connection to a bankruptcy proceeding is not enough to give the court "related to" jurisdiction over it. *Home Ins. Co.*, 889 F.2d at 749. "Overlap between the bankrupt's affairs and another dispute is insufficient ..." *Home Ins. Co.*, 889 F.2d at 749. Though an indemnity claim can be the basis for case falling under a district court's "related to" jurisdiction, the movant must provide a proof of claim seeking indemnity. *In re Drs. Hosp. of Hyde Park, Inc.*, 308 B.R. 311, 324 (Bankr. N.D. Ill. 2004).

Absent an indemnity claim, which has not been raised here, there is simply no plausible argument that Plaintiffs' claims against the non-debtor Defendants ever fell under the Court's "related to" jurisdiction. Whereas claims against Service247 would have potentially impacted Service247's estate, claims against the seven non-debtor Defendants would have had no bearing on Service247's estate absent some claim for contribution. Consequently, the Court never had "related to" bankruptcy jurisdiction over Plaintiffs' claims against the seven, non-debtor Defendant (even before the bankruptcy petition was dismissed), and thus, Service247's removal of those claims was improper and violated clearly established law.

Though not raised by either party, one may think the Court has supplemental jurisdiction with respect to the non-debtor Defendants' state law claims and, therefore, removing these claims

to the Court would not violate clearly established law. But this would ignore the fact that "[r]elated to jurisdiction exists precisely so [a] [bankruptcy] [c]ourt can hear cases that otherwise posit no federal right or claim on its face, and an application of the well-pleaded complaint rule renders this jurisdictional prong meaningless." *In re Briar Bldg. Houston LLC*, 649 B.R. 719, 725 (Bankr. S.D. Tex. 2023); *see also Matter of Seven Springs Apartments, Phase II,* 33 B.R. 458, 491 (Bankr. N.D. Ga. 1983) ("[t]he pendent jurisdiction of the [d]istrict [c]ourt to consider nonfederal claims is no basis for asserting District Court jurisdiction over proceedings related to cases under Title 11 because pendent jurisdiction exists only where there is a federal claim of sufficient substance."). In other words, supplemental jurisdiction is not relevant here. Consequently, there can be no supplemental jurisdiction over the claims against the non-debtor Defendants because the "related to" claim against Service247 is not a federal claim under §1331 as required by §1367. Accordingly, there was basis for removal of the non-debtor Defendant's claims and, Plaintiffs' Motion for Attorney's Fees is granted with respect to those claims.

The Court notes that Plaintiffs bear the burden of proving the amounts actually incurred. *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 368 (7th Cir. 2000). Under 28 U.S.C. §1447(c), Plaintiffs are entitled to "any actual expenses, including attorney fees, incurred [only] as a result of" the improper removal of the case under §1452. *see Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997) ("We interpret ['incurred as a result of removal'] to limit the litigation expenses that may be awarded under this section to fees and costs incurred in federal courts that would not have been incurred had the case remained in state court."). Section 1447(c) "expressly limits fee awards to actual outlays." *Hotline Indus., Inc.*, 236 F.3d at 366–67. And the Court has "discretion 'to tailor the documentation requirement' according to the stakes involved[.]" *Id.* (quoting *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000). Accordingly, the Court instructs

9

Plaintiffs to file a fee petition within 14 days of this order and support the petition with the relevant documentation of the requested costs, including time logs, billing histories, affidavits, and case law.

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiffs' Motion to Remand, and grants, in part, Plaintiffs' Motion for Attorney's Fees [102]. The Clerk of Court is directed to remand case to Circuit Court of Cook County forthwith. Plaintiffs should file a fee petition by December 2, 2024.

_____
Virginia M. Kendall
United States District Judge

Date: November 18, 2024