THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPECIALTY CONTENTS GROUP, LLC, et al., | ) |
| *Plaintiff*, | ) No. 24 C 4415 |
| v. | ) |
| | ) Chief Judge Virginia M. Kendall |
| SERVICE247 OF ILLINOIS, INC., et al., | ) |
| *Defendant*. | ) |

**OPINION AND ORDER**

Pending before the Court is Defendant Service247 of Illinois, Inc.'s [1] ("Service247") Motion for Reconsideration, (Dkt. 112), regarding this Court's November 18, 2024 Order (the "November 2024 Order") granting Plaintiffs'[2] Specialty Contents Group, L.L.C.'s motion for remand and attorney's fees. (Dkt. 108). For the following reasons, the Court denies Service247's Motion for Reconsideration [112].

**BACKGROUND**

In March 2022, Plaintiffs brought claims, including tortious interference with contract, conversion, and civil conspiracy, among others, against Service247, along with seven other Defendants in the Circuit Court of Cook County, Illinois. (Dkt. 1 at 19–29). On March 5, 2024, one day before a court-imposed discovery deadline, Service247 petitioned for bankruptcy protection. (*Id.* at 2). The other Defendants did not file for bankruptcy. (Dkt. 102 at 2). The state court judge issued sanctions against those Defendants. (*Id.*) Pursuant to Service247's bankruptcy petition, however, the state judge stayed all claims against Service247. (*See id.* at 11). In April

---

[1] The other seven Defendants are Service247 of Wisconsin, Inc, Service247 of North Texas, LLC, Service247, Inc., Nelson Group, Inc., d/b/a Claimplus, Thomas Keffer, Elizabeth Nelson, and David Foreman.
[2] The other four Plaintiffs are Joe Schroeder Legacy, LLC, Joseph Schroeder, Paul Matthews, and John Schroeder.

1

2024, Service247 filed an emergency motion to stay the state court-ordered sanctions against the other, non-debtor Defendants in a bankruptcy court in the Northern District of Texas. (*Id.* at 3–4). The bankruptcy judge advised Service247 that the bankruptcy stay only applied to the debtor and thus, the non-debtor Defendants were not protected and could be subject to sanctions. (*Id.*) As a result, Service247 withdrew its motion. (*Id.*)

Specialty Contents sought to dismiss Service247's bankruptcy claim, arguing it was a meritless litigation strategy, which would require them to invest time and expense in filing to remand the case to state court (*Id*. at 23). The Office of the U.S. Trustee concurred, stating, "the [D]ebtor ha[d] not made efforts to comply with its obligations by providing important documents" to the U.S. Trustee, even after the Government asked for them repeatedly over "several months." (*Id.* at 28). At the hearing on a motion to dismiss, the bankruptcy judge also agreed, stating that "the case appear[ed] to be one large litigation tactic to delay matters and to forum shop and to help the non-debtor [D]efendants." (Dkt. 102-3 at 69, Transcripts from Hearing on Motion to Dismiss, No. 24-30671). On June 12, 2024, the bankruptcy judge dismissed Service247's bankruptcy case. (*Id.* at 15).

Prior to the dismissal, however, on May 29, 2024, Service247, as the debtor in a Chapter 11 proceeding, filed a notice of removal under 28 U.S.C. § 1452. (Dkt. 1 at 1). This removed *all* claims—including those against the non-debtor Defendants—to this Court. (*Id*.)

On November 18, 2024, the Court granted Plaintiffs' motion for remand and motion for attorney's fees. (Dkt. 102); (Dkt. 108). The Court found that besides Service247's status as debtor in Chapter 11 bankruptcy proceeding, there was no other basis for removal to a federal court under 28 U.S.C. §1441, as no federal claims are involved, and diversity of citizenship does not exist.

2

(Dkt. 102 at 2). Because the bankruptcy court had dismissed the petition, (Dkt. 102 at 15), this Court remanded the case and awarded attorney's fees under 28 U.S.C. §1447.

Defendants now move for reconsideration as to the Court's decision to award attorney's fees. (Dkt. 112 at 3–4).

## **LEGAL STANDARD**

Motions for reconsideration under Rule 54(b) are generally disfavored and serve the limited purpose of "bring[ing] to the Court's attention a manifest error of law or fact or newly discovered evidence." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). Thus, "a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Tapia-Rendon v. United Tape & Finishing Co. Inc.*, 2024 WL 406513, at *2 (N.D. Ill. Feb. 2, 2024) (quoting *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled in part on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013)).

The party seeking reconsideration "bears a heavy burden," and such motions "are not at the disposal of parties who want to 'rehash' old arguments." *Patrick v. City of Chicago*, 103 F. Supp. 3d, 907, 912 (N.D. Ill. 2015) (citation omitted); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Thus, "a proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected." *Goings v. Brookman*, 2023 WL 2989435, at *1 (S.D. Ill. Apr. 18, 2023) (citing *Cnty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006), *as amended* (Apr. 11, 2006)).

3

**DISCUSSION**

Service247's Motion concedes that remanding the case was proper and only challenges the portion of the Order finding that removal of the claims against the non-debtor Defendants was improper. Service247 argues: (I) the Court's November 2024 Order was "outside the adversarial issues" because Plaintiffs did not raise many of the specific cases, to which the Court cited in the opinion, and (II) the Court relied on Seventh Circuit precedent when it should have relied on Fifth Circuit precedent. (Dkt. 112 at 3–5).

**I.      Scope of "Adversarial Issues" in November 2024 Order**

Service247 takes issue with the Court's November 2024 Order insofar as it cited to authorities "outside the adversarial issues." (Dkt. 112 at 2). Specifically, Service247's Motion contends that "[Specialty Contents] cited no authority for the proposition that removal as to the non-debtor defendants was improper . . . . " (*Id.*) Despite this, the Court found that removal as to the non-debtor Defendants' was improper; this resulted, in part, in the Court awarding attorney's fees to Specialty Contents. (*See* Dkt. 108 at 8) ("[Service247's] removal, however, of the claims against the other seven non-debtor Defendants *does* violate clearly established law.") (emphasis in original).

Examining whether removal was proper as to the non-debtor Defendants was squarely within the scope of adversarial issues. First, Specialty Contents moved for attorney's fees; this meant that the Court had an obligation to assess the reasonableness of removal, including reasonableness as to the non-debtor Defendants. *See Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). Second, Specialty Contents also relied on 28 U.S.C. § 1334 and § 1452 and specifically raised questions about Service247's basis for removing the claims against the non-debtor Defendants in their Motion for Remand. (Dkt. 102 ¶¶ 16, 18) ("Plaintiffs' ability to remove the

4

claims and causes of action against the non-debtor Defendants (even if its bankruptcy case had not been dismissed) is suspect at best."). This argument demanded the Court to evaluate the reasonableness of removing the proceeding even as to the non-debtors Defendants.

Even if Special Contents had not raised the issue, however, the Court would still have authority to review this removal question. *See In re Kleckner*, 81 B.R. 464, 466 (Bankr. N.D. Ill. 1988) ("Were the Court solely restricted to the arguments of counsel and the research provided, there would be many uninformed and just plain incorrect decisions rendered. Rather, the Court must be free to research the law and apply logical extensions of arguments made by counsel."). Reviewing whether removal of claims against non-debtor Defendants was, therefore, not outside the scope of "adversarial issues."

## II. Appropriate Authority

Service247 also claims that the Court relied on Seventh Circuit precedent in its November 2024 Order when it should have relied on Fifth Circuit precedent. (Dkt. 112 at 4). Defendants contend that, had the Court applied Fifth Circuit precedent, it would not have awarded attorney's fees under these facts. (*Id.*)

Absent a choice of law issue, district courts in the Northern District of Illinois are required to follow the precedent of the Seventh Circuit. *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("Just as the court of appeals must follow decisions of the Supreme Court whether or not we agree with them, so district judges must follow the decisions of this court whether or not they agree."). Thus, in reaching its decision as to the remand, the Court evaluated Seventh Circuit precedent, and concluded it lacked jurisdiction to hear the case because "there [was] no longer a pending bankruptcy petition and no independent basis for jurisdiction exist[ed]." (Dkt. 108 at 2); 28 U.S.C. § 1447(C) ("If at any time before final judgment it appears that the

5

district court lacks subject matter jurisdiction, the case shall be remanded."); *see also See Donald F. Duncan, Inc. v. Royal Tops Mfg. Co.*, 381 F.2d 879, 882 (7th Cir. 1967) ("[A] bankruptcy proceeding, merely by virtue of its maintenance, does not divest other courts of jurisdiction over lawsuits involving the bankrupt which are pending at the time the bankruptcy petition is filed.").

Section 1447(c) also permits the Court to award attorney's fees. ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). In addressing the questions of whether to award attorney's fees, the Court was required to evaluate "the reasonableness of the removal." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Even where a bankruptcy petition originated in another jurisdiction, there would be no reason for the Court to look beyond Seventh Circuit precedent in this analysis. *See In re Ethylene Oxide Coordinated Pretrial Proc.*, 2024 WL 4953820, at *2 (applying Seventh Circuit precedent to question of remand under § 1447 even though parties filed bankruptcy petition in United States Bankruptcy Court for the Southern District of Texas). Moreover, Service247 never filed a motion to transfer the proceeding to another court, and therefore, the Court did not weigh any choice of law considerations.

Even if the Court had found that Service247 had some basis to remove the case as to the non-debtor Defendants, the Court would still have discretion to award attorney's fees under § 1447(c). *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) ("§ 1447(c) is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party."). Section 1447(c) gives district courts broad discretion to award attorney's fees and the Court need not even make a finding of bad faith to grant attorney's fees. *Tenner v. Zurek*, 168 F.3d

6

328, 329 (7th Cir. 1999) (bad faith not necessary for attorney's fees under amendments to § 1447(c)).

Here, though the statute does not require it, the record strongly suggests that Service247 did act in bad faith when it removed the case, including claims against the non-debtor Defendants, to this Court. At a hearing on Specialty Contents motion to dismiss Service247's petition, the bankruptcy judge characterized the proceeding as follows: "based on everything that I've seen, this case appears to be one large litigation tactic to delay matters and to forum shop and to help the non-debtor [D]efendants." (Dkt. 102-3 at 69). The judge went on to highlight the absurdity that Service247 filed its petition in a bankruptcy court in Texas when it was related to a pending Illinois state court case. (*Id.*) The U.S. Trustee also offered testimony that Service247 "made no efforts to comply with [Sercice247] obligations" over a period of "several months." (*Id.* at 11). The record demonstrates that Service247 removed the proceeding from state court to this Court purely to delay the proceedings and insulate the non-debtor Defendants from the state court judge's sanctions order. This bad faith motive is an independent reason to deny Service247's Motion. *See Husko v. Geary Elec., Inc.*, 316 F. Supp. 2d 664, 669 (N.D. Ill. 2004) (though not required, bad faith still may be considered as a factor in awarding fees, because Congress has unambiguously left the award of fees to the discretion of the district court.") (citations modified).

Service247 does not provide any additional facts, which the Court did not previously consider in the November 2024 Order. (*See* Dkt. 112). It merely recites the Seventh Circuit law for establishing "related to" jurisdiction and then proceeds to apply Fifth Circuit precedent to these facts. (Dkt. 112 at 4–5). As the Court previously stated, however, a court does not have "related to" jurisdiction over a dispute merely because the court's ruling may have some type of attenuated connection to a bankruptcy proceeding. *Home Ins. Co. v. Cooper & Cooper*, Ltd., 889 F.2d 746,

749 (7th Cir.1989). Because Service247 has not established the requisite connection, the Court's November 2024 Order stands in its entirety.

## CONCLUSION

For the reasons set forth above, the Court denies Service247's Motion for Reconsideration [112].

*[signature]*
Virginia M. Kendall
United States District Judge

Date: September 22, 2025